IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHA STRONG, on behalf of herself and those similarly situated,<br>906 Marcella Street<br>Philadelphia, PA 19124<br><br>    Plaintiff,<br><br>  v.<br><br>FBCS Inc.<br>2200 Byberry Road #120,<br>Hatboro, PA 19040<br><br>  and<br><br>JOSEPH NEARY, SR.<br>c/o FBCS Inc.<br>2200 Byberry Road #120,<br>Hatboro, PA 19040<br><br>  and<br><br>JOSEPH NEARY, JR.<br>c/o FBCS Inc.<br>2200 Byberry Road #120,<br>Hatboro, PA 19040<br><br>  and<br><br>HENRY STOUGHTON<br>c/o FBCS Inc.<br>2200 Byberry Road #120,<br>Hatboro, PA 19040<br><br>  and<br><br>JOHN DOES 1-10<br><br>    Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT AND THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT**

Tasha Strong (hereinafter "Named Plaintiff"), on behalf of herself and those similarly situated (hereinafter collectively referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complains as follows against Defendants FBCS Inc. and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law (hereinafter collectively referred to as "Pennsylvania Wage Laws"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Class Plaintiffs proper overtime compensation in violation of the FLSA as well as the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law (collectively "Pennsylvania Wage Laws").

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Named Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant FBCS Inc. (hereinafter "Defendant FBCS") is an entity with an address as set forth above.

9. Defendant Joseph Neary, Sr., is the Chief Executive Officer of FBCS, Inc., and at all times herein had oversight and discretion with regard to Named Plaintiff's and Class Plaintiffs' pay.

10. Defendant Joseph Neary, Jr. is the President of Defendant FBCS, and at all times herein had oversight and discretion with regard to Named Plaintiff's and Class Plaintiffs' pay.

11. Defendant Henry Stoughton is the Chief Financial Officer of Defendant FBCS, and at all times herein had oversight and discretion with regard to Named Plaintiff and Class Plainitffs' pay.

12. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Class Plaintiffs proper compensation pursuant to the FLSA.

13. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Class Plaintiffs.

14. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

15. The foregoing paragraphs are incorporated herein as if set forth in full.

16. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant FBCS as Collectors or in similar job positions who were subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

17. Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

18. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

19. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

20. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

21. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22. Named Plaintiff brings her claims asserting violations of the Pennsylvania Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and on behalf of all persons presently and formerly employed by Defendants as Collectors and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies described herein at any point in the three years preceding the date the instant action was initiated (the members of this putative class are a subclass of Class Plaintiffs and are collectively referred to as "Pennsylvania Plaintiffs").

23. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

24. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Pennsylvania Plaintiffs, was subject to the same unlawful wage policies and practices of Defendants.

25. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

26. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

27. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

28. A class action provides a fair and efficient method for adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

29. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants failed to pay proper overtime to Named Plaintiff and Pennsylvania Plaintiffs for hours worked in excess of 40 per workweek; and (2) whether Defendants had any good faith basis to conclude that their failure to pay Pennsylvania Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

## FACTUAL BACKGROUND

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. Named Plaintiff worked for Defendants from on or about February 2007 until May 2013.

32. Named Plaintiff and Class Plaintiffs worked/work for Defendants as Collector.

33. Named Plaintiff's primary duties were calling individuals on behalf of FBCS and its clients and seeking repayment of delinquent and/or outstanding debts.

34. Class Plaintiffs' primary duties were calling individuals on behalf of FBCS and its clients and seeking repayment of delinquent and/or outstanding debts.

35. Named Plaintiff and Class Plaintiffs were/are compensated through a base hourly rate that is determined by the Collector's performance in hitting specified debt recovery targets during the previous month.

36. Once a Collector achieves the highest debt recovery target and was paid the highest possible hourly rate, the Collector no longer received increases in his or her base pay but instead became eligible to work overtime and to receive incentive pay bonuses based on a percentage of the revenue Defendants received from the additional debt collected.

37. Accordingly, in theory, Named Plaintiff and Class Plaintiffs base hourly rate can vary on a month-to-month basis.

38. In practice, Named Plaintiff achieved the highest debt recovery target every month and was always paid the highest possible hourly rate and was eligible for overtime and incentive pay bonuses.

39. Accordingly, Named Plaintiff regularly worked overtime of more than 40 hours per week.

40. Named Plaintiff regularly received incentive pay bonuses which were based on a percentage of the revenue Defendants received from the additional debt collected.

41. The incentive pay bonuses were non-discretionary.

42. Furthermore, on information and belief, most Collectors would achieve the highest debt recovery target each month and were always paid the highest possible hourly rate and were eligible for overtime and to receive bonuses.

43. Class Plaintiffs regularly worked more than 40 hours per week.

44. Class Plaintiffs regularly received incentive pay bonuses based on a percentage of the revenues received from debt collected above their targets.

45. Defendants designated Named Plaintiff and Class Plaintiffs as non-exempt from overtime under FLSA.

46. Defendants paid Named Plaintiff and Class Plaintiffs on an hourly basis.

47. Defendants paid Named Plaintiff and Class Plaintiffs one-and-a-half times their official stated hourly rate for all hours worked over 40 in a week.

48. In determining the regular rate paid to Named Plaintiff and Class Plaintiffs for purposes of calculating the overtime pay owed pursuant to FLSA and the PMWA, Defendants failed to consider the non-discretionary incentive pay bonuses paid to Named Plaintiff and Class Plaintiff.

49. Accordingly, Defendants paid Named Plaintiff and Class Plaintiffs less than 1.5 times their regular rate for overtime worked in workweeks where the incentive pay bonus is provided to Named Plaintiff and Class Plaintiffs.

50. By way of example, for pay period January 28, 2012, through February 3, 2012:

    a. Named Plaintiff was paid for 48 hours of work.

    b. Defendants paid Named Plaintiff an incentive pay bonus of $377.72.

    c. Defendants paid Named Plaintiff $22/hour for her regular hours.

   d. Defendants paid Named Plaintiff $264 for her 8 overtime hours, or $33 per hour for each overtime hour.

   e. Defendants accordingly based the overtime rate on a $22 per hour base rate, which does not take into account the incentive pay bonus.

   f. To calculate the correct regular rate for overtime, Defendants should have multiplied the default hourly rate ($22) by the total number of hours worked (48) *and then added to that the incentive pay bonus* ($377.72). Defendants then should have divided the total ($1433.72) by the total number of hours worked (48) to arrive at the actual regular rate ($29.87).

   g. Defendants then should have calculated the overtime rate at 1.5 times the actual regular rate ($44.81).

   h. Accordingly, Named Plaintiff was shorted $11.81 per overtime hour during the week of January 28, 2012 to February 3, 2012.

51. By way of further example, for pay period February 25, 2012, through March 2, 2012:

   a. Named Plaintiff was paid for 48 hours of work.

   b. Defendants paid Named Plaintiff an incentive pay bonus of $636.28.

   c. Defendants paid Named Plaintiff $22/hour for her regular hours.

   d. Defendants paid Named Plaintiff $264 for her 8 overtime hours, or $33 per hour for each overtime hour.

   e. Defendants accordingly based the overtime rate on a $22 per hour base rate, which does not take into account the incentive pay bonus.

9

    f. To calculate the correct regular rate for overtime, Defendants should have multiplied the default hourly rate ($22) by the total number of hours worked (48) *and then added to that the incentive pay bonus* ($636.28). Defendants then should have divided the total ($1692.28) by the total number of hours worked (48) to arrive at the actual regular rate ($35.26/hour).

    g. Defendants then should have calculated the overtime rate at 1.5 times the actual regular rate ($52.89/hour).

    h. Accordingly, Named Plaintiff was shorted $19.89 per overtime hour during the week of February 25, 2012, through March 2, 2012.

52. Named Plaintiff's primary duty was performing work that generated Defendants' primary revenue, namely, collecting debts owed to Defendants or Defendants' clients.

53. Class Plaintiffs' primary duty was performing work that generated Defendants' primary revenue, namely, collecting debts owed to Defendants or Defendants' clients.

54. Named Plaintiff's non-discretionary incentive pay bonuses never consisted of more than half of her total compensation.

55. Named Plaintiff did not have the authority to hire or fire employees of Defendants.

56. Class Plaintiffs' non-discretionary incentive pay bonuses never consisted of more than half of their total compensation.

57. Class Plaintiffs do not have the authority to hire or fire employees of Defendants.

58. Named Plaintiff did not have the authority to schedule employees of Defendants.

59. Class Plaintiffs do not have the authority to schedule employees of Defendants.

60. Named Plaintiff did not have the authority to make discretionary decisions regarding matters of financial significance of Defendants.

61. Class Plaintiffs do not have the authority to make discretionary decisions regarding matters of financial significance of Defendants.

62. Accordingly, Named Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and the PMWA, non-exempt hourly employees of Defendants.

63. Defendants failed to pay Named Plaintiff and Class Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a workweek.

64. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

67. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

68. At all times relevant herein, Named Plaintiff and Class Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

69. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

70. Defendants' violations of the FLSA include, but are not limited to, failing to include Named Plaintiff and Class Plaintiffs' bonuses in their regular rate for purposes of calculating overtime compensation, and therefore failing to pay all overtime compensation owed for hours worked over 40 per workweek.

71. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

72. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Pennsylvania Minimum Wage Act**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and Pennsylvania Plaintiffs v. Defendants)**

73. The foregoing paragraphs are incorporated herein as if set forth in full.

74. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Pennsylvania Wage Laws.

75. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Pennsylvania Plaintiffs.

76. At all times relevant herein, Named Plaintiff and Pennsylvania Plaintiffs were employed with Defendants as an "employees" within the meaning of the Pennsylvania Wage Laws.

77. Defendants' conduct in failing to pay Named Plaintiff and Pennsylvania Plaintiffs all overtime compensation for all hours worked beyond 40 per workweek violated the Pennsylvania Wage Laws.

78.     As a result of Defendants' unlawful conduct, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Pennsylvania Wage Payment And Collection Law**
**(Failure to All Wages Due)**
**(Named Plaintiff and Pennsylvania Plaintiffs v. Defendants)**

79.     The foregoing paragraphs are incorporated herein as if set forth in full.

80.     Defendants conduct in failing to pay Named Plaintiff and Pennsylvania Plaintiffs all owed wages violated the Pennsylvania Wage Laws.

81.     As a result of Defendants' unlawful conduct, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3)     Named Plaintiff and Class Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4)     Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5)     Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

                                        Respectfully Submitted,

                                        */s Joshua S. Boyette*
                                        Joshua S. Boyette, Esq.
                                        Richard S. Swartz, Esq.
                                        **SWARTZ SWIDLER, LLC**
                                        1878 Marlton Pike East, Ste. 10
                                        Cherry Hill, NJ 08003
                                        Phone: (856) 685-7420
                                        Fax: (856) 685-7417

Date: January 6, 2014

## DEMAND TO PRESERVE EVIDENCE

      1.      All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiff's employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.